IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS PUTZIER, #07675-029, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 19-cv-00738-SMY ) |
| USA,[1] | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Dennis Putzier, an inmate currently incarcerated at the United States Penitentiary located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges his enhanced sentence as a career offender in *United States v. Putzier,* No. 10-cr-04114-MWB-KEM (N.D. Iowa, 2011) ("Criminal Case") based on his prior Iowa burglary conviction. (Doc. 1). Putzier relies on *Mathis v. United States,* 136 S. Ct. 2243 (2016), in which the Supreme Court concluded that convictions under Iowa's burglary statute cannot give rise to sentence enhancement under the Armed Career Offender Act, 18 U.S.C. § 924(e).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any

---

[1] The Court notes that the United States is named as the sole respondent. The proper respondent in a habeas corpus proceeding is the person who has *immediate* custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Consequently, the warden of the United State Penitentiary located in Greenville, not the United States, is the proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir.2005) (any respondent who is not the prisoner's custodian should be dropped from the action). This error, however, will not be remedied as the case will be dismissed with prejudice.

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## **Procedural Background**

Putzier pled guilty to federal methamphetamine charges and was sentenced to 262 months incarceration as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual. *See Putzier v. United States,* No. 14-cv-04047-MWB-KEM (N.D. Iowa, Oct. 14, 2014) (Doc. 4) (Order denying § 2255 motion and discussing case history).[2] On appeal, Putzier challenged the career offender enhancement and the Eighth Circuit Court of Appeals affirmed the sentence. *Id.* Putzier also filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in 2014, arguing the sentencing court erred in "using the modified categorical approach to determine that his 2011 Iowa burglary in the third degree conviction constituted a crime of violence for the purposes of career offender guidelines[,]" in violation of the Supreme Court's ruling in *Descamps v. Unites States,* 133 S. Ct. 2276 (2013). *Id.* at p. 1. The sentencing court found that the ruling in *Descamps* was not retractive and dismissed the Motion as time-barred. *Id.* at p. 6. The court also concluded that even if the ruling in *Descamps* was applied retroactively to Putzier's criminal case, his "burglary conviction would still constitute a crime of violence for purposes for the career offender guideline." *Id.* at p. 7. The Eighth Circuit Court of Appeals denied Putzier's Application for a Certificate of Appealability, (*Id.,* Doc. 12, May, 15, 2015) and Petition for Authorization to File a Successive Habeas Application (*Id.,* Doc. 14, Feb., 4. 2019).

---

[2] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify Putzier's litigation and criminal case history. *See Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

**Discussion**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is limited to *one* challenge of his conviction and sentence under § 2255 and may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Some errors can be raised on direct appeal but not in a collateral attack pursuant to §§ 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Putzier argues that in light of *Mathis* and related case law,[3] he is entitled to relief under the savings clause from a sentence that exceeds the statutory maximum because his previous Iowa

---

[3] Putzier cites to several cases that have held that a state burglary statute covers more conduct than does generic burglary for the purposes of qualifying as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

4

third degree burglary conviction no longer qualifies as a predicate crime under the Sentencing Guidelines. (Doc. 1, pp. 4, 6). However, the sentencing Guidelines enhancement and sentencing range that applied to Putzier were advisory, not mandatory, because he was sentenced in 2011 – well after the *Booker* decision. Putzier received a sentence well within the statutory maximum; he was sentenced to 262 months, and the statutory maximum sentence for his conviction was life imprisonment. *See* 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); *see also* Criminal Case, Doc. 50, p. 2. Moreover, the sentencing court noted that had the career enhancement not applied, it would have applied "an upward departure for substantial underrepresentation of criminal history" under sentencing guidelines § 4A1.3. Criminal Case, Doc. 83, pp 15-16 (Sentencing Transcript). Thus, Putzier cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition, and the savings clause affords him no relief.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months)

---

*See United States v. Naylor,* 887 F.3d 397 (8th Cir. 2018) (Missouri second-degree burglary); *United States v. Rockwell,* 207 F. Supp. 3d 915 (W.D. Ark., Sept. 14, 2016)(Missouri second-degree burglary and Iowa attempted third-degree burglary); *United States v. Bess,* 655 F. App'x 518 (8th Cir. 2016)(Missouri second-degree burglary). He also cites to *Johnson v. United States,* 135 S.Ct. 2551 (2015)(ruling that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.").

5

irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

                                              *s/Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**